OPINION
On May 8, 1997, the Licking County Grand Jury indicted appellant, Craig A. Rice, on one count of robbery in violation of R.C. 2911.02(A)(2). On October 15, 1997, appellant pled guilty as charged. By judgment entry filed same date, the trial court sentenced appellant to two years in prison. On June 10, 1998, appellant was granted judicial release and was placed under community control sanctions. As a residential sanction, appellant was ordered to enter the Licking-Muskingum Community Corrections Center (hereinafter "LMCCC") and successfully complete the facility's program. Appellant failed to complete the program and was terminated from the program on October 2, 1998. On October 12, 1998, appellee, the State of Ohio, filed a motion to revoke appellant's community control and re-impose the original prison sentence. Hearings were held on November 6, 1998 and January 28, 1999. At the latter hearing, the trial court re-imposed the original two year prison sentence. No credit was given for the time appellant spent in the LMCCC. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO GIVE THE DEFENDANT-APPELLANT CREDIT AGAINST THE IMPOSED PRISON SENTENCE FOR TIME SERVED AT A COMMUNITY BASED CORRECTIONAL FACILITY.
 I
Appellant claims the trial court erred in failing to credit him for his time served in the LMCCC. We agree. Appellee argues prior to July 1, 1996, R.C. 2967.191 specifically required credit to be given for time spent in a community based correctional facility however, pursuant to S.B. No. 2, this specific provision was deleted. Furthermore, appellee argues R.C. 2929.15 which codifies community control governs sub judice. Specifically, appellee cites to subsection (B) wherein the legislature provides "[t]he court may reduce * * * a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed." Appellee argues this provision makes credit for time spent in a community based correctional facility discretionary. In State v. Michael Peters (May 13, 1999), Licking App. Nos. 98-CA-00118 and 98-CA-00119, unreported, at 3, this court addressed this issue stating as follows: We read R.C. 2929.15, as amended effective July 1, 1996 to change the law in Ohio regarding how a court proceeds if it finds an accused has violated the conditions of the community control sanction. It does not modify the right to credit for time served. Further, as found in Snowder, [State v. (August 19, 1998), Licking App. No. 98CA22, unreported] supra, neither the nature of the facility nor the accused's status is altered. Appellant argues R.C. 2967.191 requires credit be given for "the total number of days that the prisoner was confined for any reason." Because this court has already determined that individuals in community based correctional facilities are under detention and confinement, appellant argues he should have received credit for his days spent in the LMCCC. We agree and find the trial court erred in failing to credit appellant for his time served in the LMCCC. The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed and remanded.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.